[No. 14700.  In Bank. — October 14, 1891.]

THE PALMDALE IRRIGATION DISTRICT ET AL., APPELLANTS, *v*. ERDMAN RATHKE ET AL., RESPONDENTS.

IRRIGATION DISTRICTS — JUDGMENT DETERMINING VALIDITY OF ORGANIZATION — TIME FOR APPEAL — NOTICE OF JUDGMENT — DISMISSAL OF APPEAL. — The act of March 16, 1889 (Stats. 1889, p. 212), relating to proceedings for the determination of the validity of the organization of an irrigation district, requires an appeal from the judgment to be taken within ten days after entry of the judgment, and does not require notice of the entry of judgment, in order to set the time for appeal running. An appeal taken from such judgment more than ten days after the entry of the judgment is not in time, and will be dismissed.

ID. — STIPULATION TO CORRECTNESS OF TRANSCRIPT — ESTOPPEL OF RESPONDENT. — A stipulation by the respondents that the transcript is correct, and that the appeal has been duly perfected, means nothing more than that the papers in the transcript are correct copies of the record, and that a sufficient undertaking has been properly filed, and does not estop the respondents from moving to dismiss the appeal upon the ground that it was not taken in time.

MOTION to dismiss an appeal from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*R. H. F. Variel*, and *Spencer G. Millard*, for Appellants.

*Louis Luckel*, for Respondents.

The COURT. — Motion to dismiss appeal. This is a proceeding under the act of March 16, 1889 (Stats. 1889,

p. 212), to determine the validity of the organization of an irrigation district and certain orders for the issuance of bonds, etc.

Judgment in favor of the defendants was entered August 8, 1891, and notice of appeal therefrom was filed and served August 21st following. But the statute (p. 213, sec. 8) requires that the appeal in this class of cases shall be taken within ten days after entry of judgment, and therefore this appeal was not taken in time.

Appellants admit that it appears from the record that the appeal was not taken within ten days after the entry of judgment, but they show by affidavit that they had no notice of such entry until a day or two before the appeal was taken. The statute, however, does not require notice of the entry of judgment in order to set the time for appeal running.

Appellants also claim that respondents are estopped by their stipulation to the correctness of the transcript, and that the appeal has been duly perfected. But we understand this stipulation to mean nothing more than that the papers in the transcript are correct copies of the record, and that a sufficient undertaking was properly filed within five days after notice of appeal. In that sense it does not conflict with the proof afforded by the record that the appeal was not taken in time to confer jurisdiction upon this court to review the judgment of the superior court.

Appeal dismissed.